UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
VINNY GEORGE,

                      Plaintiff,

                      **MEMORANDUM AND ORDER**
     -against-                      19-cv-3020 (DLI) (PK)

JOSE N. THOMAS,

                      Defendant.
-------------------------------------------------------------x

**DORA L. IRIZARRY, United States District Judge:**

       Plaintiff Vinny George ("George" or "Plaintiff") commenced this diversity action against Jose N. Thomas ("Thomas" or "Defendant") in the U.S. District Court for the Southern District of Ohio on February 19, 2019, alleging breach of contract and promissory estoppel. *See,* Dkt. Entry No. 1. The case was transferred to this Court on May 21, 2019. Dkt. Entry May 21, 2019. Plaintiff filed an Amended Complaint, alleging the same claims in more detail, on July 8, 2019. *See,* Amended Complaint ("Am. Compl."), Dkt. Entry No. 20. On August 7, 2019, Defendant moved to dismiss the Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted. Motion to Dismiss for Failure to State a Claim ("Mot."), Dkt. Entry No. 26. Plaintiff opposed motion. Response in Opposition re Motion to Dismiss ("Opp'n"), Dkt. Entry No. 27. Defendant replied. Reply to Response to Motion to Dismiss ("Reply"), Dkt. Entry No. 28. For the reasons set forth below, Defendant's motion to dismiss is granted.

## BACKGROUND

       Plaintiff is a resident of Columbus, Ohio. Am. Compl. ¶ 1. Defendant is Plaintiff's uncle, and a resident of New Hyde Park, New York. *Id*. ¶¶ 2, 5. Prior to 2010, Plaintiff resided in Singapore, where he ran a business from which he earned over $5,000 per month. *Id*. ¶ 6.

Sometime in 2010, Defendant persuaded Plaintiff to close his business, move to the United States, and "g[i]ve up his claims to real property [in] his family's ancestral home in India to [Defendant]." *Id*. ¶ 7–10. In exchange for moving and surrendering his rights to the India property, Defendant promised Plaintiff that he would sponsor him for an H-1B visa and pay him $200,000. *Id*. ¶¶ 8–10. As of the filing of the Amended Complaint, Defendant had paid Plaintiff only $50,000, and had not sponsored him for an H-1B visa. *Id*. ¶ 18. Plaintiff also alleges that he suffered consequential damages in the amount of $480,000 due to lost income that he otherwise would have earned had he continued to operate his business in Singapore. *Id.* ¶¶ 19, 21.

## DISCUSSION

### I. Legal Standard

To survive a Rule 12(b)(6) motion to dismiss, a complaint must "state a claim of relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 561 (2007) (citations and internal quotation marks omitted). The plausibility standard "does not require 'detailed factual allegations,' but it demands more than [ ] unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). Where a complaint pleads facts that are "'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 557). When considering a motion to dismiss, the Court accepts as true all well pled factual allegations and draws all reasonable inferences in the plaintiff's favor. *See*, *Dangler v. N.Y.C. Off Track Betting Corp.*, 193 F.3d 130, 138 (2d Cir. 1999).

### II. New York's Statute of Frauds

Assuming, *arguendo*, that Plaintiff has alleged sufficiently the elements of a claim for breach of an oral contract under New York law, Plaintiff's breach of contract claim must be

2

dismissed for noncompliance with New York's statute of frauds as it relates to real property transactions. The applicable New York statute of frauds provides that:

> An estate or interest in real property, other than a lease for a term not exceeding one year, or any trust or power, over or concerning real property, or in any manner relating thereto, cannot be created, granted, assigned, surrendered or declared, unless by act or operation of law, or by a deed or conveyance in writing, subscribed by the person creating, granting, assigning, surrendering or declaring the same, or by his lawful agent, thereunto authorized by writing.

N.Y. Gen. Oblig. Law § 5-703(1) (McKinney).

The oral contract alleged by Plaintiff is covered by the statute of frauds because it relates to Plaintiff's surrendering his rights to property in India to Defendant. *See*, Am. Compl. ¶ 17 (alleging that Plaintiff "has performed as required under the contract" in that he "gave up his claims to the family's ancestral home in India."). Under New York's statute of frauds, oral contracts relating to real property that are unaccompanied by a writing memorializing the essential terms of the agreement are void. *See, Roulley v. Inex Co.,* 677 F.2d 14, 15 (2d Cir. 1982) (statute of frauds applied to loan secured by deed of trust on real estate); *Hanson v. Hanson*, 2019 WL 935127, at *6 (S.D.N.Y. Feb. 26, 2019) (granting motion to dismiss on New York statute of frauds grounds where purported contract involving an interest in real property was not memorialized in a writing); *In re Schulter*, 585 B.R. 670, 683 (Bankr. E.D.N.Y. 2018) ("Under New York law, a transfer of real property is subject to the State's Statute of Frauds, and must therefore be in writing to be enforceable.").

In opposing the motion to dismiss, Plaintiff does not dispute that the statute of frauds applies in this case. Instead, he contends that, even if it does apply, the partial performance exception to the statute of frauds applies. Opp'n at 8–9. The partial performance exception provides that "nothing contained in this section abridges the powers of courts of equity to compel the specific performance of agreements in cases of part performance." N.Y. Gen. Oblig. Law § 5-

703(4). However, as Defendant observes, this exception does not apply to Plaintiff's claim because he seeks money damages and not specific performance. *See*, Am. Compl. ¶¶ 20–26; *Sparks Assocs., LLC v. N. Hills Holding Co. II, LLC*, 94 A.D.3d 864, 865 (2d Dep't 2012) ("Part performance by the party seeking to enforce the contract may be sufficient in some circumstances to overcome the statute of frauds, but only in an action for specific performance."). As Plaintiff does not seek specific performance, the alleged contract is not subject to the exception. Accordingly, Plaintiff's breach of contract claim must be dismissed.

### III.  Promissory Estoppel

Under New York law, a plaintiff who relied on a contract that is unenforceable under the statute of frauds may obtain relief under a theory of promissory estoppel only "in those rare cases where the circumstances [are] such as to render it unconscionable to deny the oral promise upon which the promisee has relied." *ABA Refinery Corp. v. Republic Metals Ref. Corp.*, 2017 WL 4481170, at *5 (S.D.N.Y. Oct. 5, 2017) (quoting *Robins v. Zwirner*, 713 F. Supp.2d 367, 376–77 (S.D.N.Y. 2010)). "An 'unconscionable' injury is one 'beyond that which flows naturally (expectation damages) from the non-performance of the unenforceable contract.'" *Id.* (quoting *Merex A.G. v. Fairchild Weston Sys., Inc.*, 29 F.3d 821, 824 (2d Cir. 1994)).

Plaintiff has not pled facts yielding a plausible inference that he suffered damages beyond those resulting from Defendant's non-performance of the alleged oral agreement. As alleged in the Amended Complaint, Plaintiff's injuries are the $200,000 and H-1B visa sponsorship that Defendant allegedly promised to Plaintiff and Plaintiff's lost profits resulting from the closure of his business in Singapore. Am. Compl. ¶¶ 23, 26.

Courts routinely have held that these types of injuries do not qualify as unconscionable. *See, e.g.*, *Rivera v. City of New York*, 392 F. Supp.2d 644, 657 (S.D.N.Y. 2005) ("[C]hange of job

or residence, by itself, is insufficient to trigger invocation of the promissory estoppel doctrine.") (quoting *Cunnison v. Richardson Greenshields Securities, Inc.,* 107 A.D.2d 50, 53 (1st Dep't 1985)); *Mobile Data Shred, Inc. v. United Bank of Switzerland*, 2000 WL 351516, at *4 (S.D.N.Y. Apr. 5, 2000) ("[I]n the absence of egregious circumstances, courts have consistently rejected promissory estoppel claims when the alleged injuries consisted of lost profits, lost fees, forgone business opportunities or damage to business reputation."); *Wittenberg v. Stage II Apparel Corp.*, 1991 WL 12418, at *5 (S.D.N.Y. Jan. 24, 1991) (holding that "the choice to forego current employment because of rosy promises 'does not put the stigma of unconscionability upon the defendant's right to assert the Statute of Frauds.'") (quoting *Ginsberg v. Fairfield-Noble Corp.*, 81 A.D.2d 318, 321 (1st Dep't 1981)); *See also*, *In re Estate of Hennel*, 29 N.Y.3d 487, 497 (2017) (holding that "[w]henever an oral agreement is rendered void by the statute of frauds, one or both parties will be deprived of the benefit of their oral bargain, and some unfairness will typically result. But what is unfair is not always unconscionable.").

The loss of $200,000 and sponsorship of Plaintiff's H-1B visa flow directly from Defendant's alleged breach of the oral contract, and the revenues Plaintiff allegedly lost from the closure of his business in Singapore would have resulted even if Defendant had performed under the terms of the alleged contract. Plaintiff has failed to allege that he suffered unconscionable injury due to Defendant's non-performance of the oral contract. Accordingly, Defendant's motion to dismiss Plaintiff's promissory estoppel claim is granted.

## **CONCLUSION**

For the reasons set forth above, Defendant's motion to dismiss is granted in its entirety.

SO ORDERED.

Dated: Brooklyn, New York
      March 31, 2020

                                            /s/
                                  DORA L. IRIZARRY
                                  U.S. District Judge